UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ALLAN REED,

        Petitioner,                        Case Number 20-11711

v.                                                          Honorable David M. Lawson

STATE OF MICHIGAN,

        Respondent.
_____/

**OPINION AND ORDER GRANTING APPLICATION
TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS WITH PREJUDICE**

Petitioner David Allan Reed, a detainee confined at the Genesee County Jail in Flint, Michigan, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241, alleging that the State of Michigan has violated federal criminal statutes and used his identity to appropriate funds from the Department of the Treasury. He makes similar allegations in a subsequently filed document entitled "Notice of Removal and or Dismissal." Reed's claims are unexhausted and do not warrant habeas relief because he does not challenge the legality of his confinement. Reed also seeks pauper status, for which he qualifies. The Court will grant Reed's application to proceed *in forma pauperis* and summarily dismiss the habeas petition with prejudice.

I.

Reed alleges that he is in custody in the Genesee County jail as a pretrial detainee, although he does not say why he is being held. He also mentions that he is serving a joint term of parole in two other cases, one state and one federal. He states that he is "challenging the State's attempt of a[n] Unconstitutional Bill of Attainder," the "Unconstitutional Deprivation of Rights, and his

"Unconstitutional Pre-conviction Enslavement." It appears that Reed believes that these wrongs are visited upon him in a Wayne County Circuit Court case and in a Genesee County Circuit Court case. He contends that, in prior and ongoing cases, the State is retrieving funds from the Department of Treasury and using his identity without his knowledge.

Without further elaboration, he lists his grounds as follows:

1. He is being held and charged in violation of art. 1, §§ 9 and 10 of the United States Constitution, because the State is fraudulently securing appropriations by using his intellectual property (identity).

2. He was denied notice and full disclosure of all relevant documents pertaining to the issuance of General Services Administration (G.S.A.) bonds issued under his name by the Department of Treasury.

3. At no time did he consent to jurisdiction or the appropriation of his intellectual property to solicit funds from the Department of Treasury.

4. He is being deprived of his inalienable rights because the State of Michigan is using his name to receive funds from the Department of Treasury, and in doing so, the State is committing fraud and illegal enslavement, extinguishing his constitutional and civil rights without a conviction.

Pet. at 2-4.

Elsewhere in his petition, Reed reiterates that the State is using his identity without his consent to issue G.S.A. bonds. According to Reed, this infringement of his intellectual property violates the Fourteenth Amendment, U.S. Const. art. 1, § 9, cl. [7] ("No Money shall be drawn from the Treasury, but in Consequence of Appropriations . . . ."), and U.S. Const. amend. XIII, § 1 ("Neither slavery nor involuntary servitude, except as punishment for a crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.").

Reed asserts that the State of Michigan circumvents the Constitution to obtain funds from the Department of Treasury to gain title over his intangible assets. He also contends that Michigan

-2-

judges are violating 18 U.S.C. § 1344 by committing fraud with specific intent to solicit funds from the Department of Treasury. Reed asserts that these actions fall under 18 U.S.C. §§ 241 and 242 because government officials conspired to deprive him of his civil rights.

For all of these perceived wrongs, Reed asks for "the Right of Emancipation," "a Declaration . . . of Cease-And-Desist on the Fraudulent Act of possessing [his] Intrinsic Intellectual Property (Identity)," and a proclamation that past and present cases are null and void.

II.

Reed is a state prisoner. Ordinarily, 28 U.S.C. § 2254 "is the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment." *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019). But Reed does not challenge any state court judgment as the source of his confinement. He invokes 28 U.S.C. § 2241, which is a "broader form of habeas relief," and "which authorizes federal intervention for state prisoners who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Saulsberry,* 937 F.3d at 647.

Section 2254 includes a requirement that a state prisoner seeking relief must present his claims first to the state courts and pursue those claims through all available channels that the state provides. 28 U.S.C. § 2254(b)(1). Section 2241 is silent on that requirement. But although "exhaustion under § 2241 is not a statutory requirement . . . , in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'" *Phillips v. Ct. of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) (quoting *United States ex rel. Scranton v. New York,* 532 F.2d 292, 294 (2d Cir. 1976)).

Reed has not alleged that he presented any of his claims to any Michigan court. In fact, he states in his habeas petition that there has been no appellate review of his claims. His petition must be dismissed for the failure to exhaust state court remedies.

Moreover, none of Reed's claims supports the various forms of relief he seeks. The Sixth Circuit explained in *Phillips* that "Congress's general grant of habeas authority to the federal courts appears in 28 U.S.C. § 2241, which extends the writ to, among others, persons 'in custody in violation of the Constitution or laws or treaties of the United States.'" , 668 F.3d at 809 (quoting 28 U.S.C. § 2241(c)(3)). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Reed's allegations about the State's allegedly fraudulent use of his identity to obtain funds from the Department of Treasury are not a challenge to his confinement. As such, his fraud claims are inappropriate in this habeas corpus action.

Reed's Bill of Attainder claim also lacks merit. Article 1, § 9, cl. 3 of the United States Constitution states: "No Bill of Attainder or ex post facto law shall be passed." Similarly, art. 1, § 10, cl. 1, of the Constitution provides that "[n]o State shall . . . pass any Bill of Attainder . . . ." The "Clause is a 'safeguard against legislative exercise of the judicial function, or more simply — trial by legislature.'" *Zilich v. Longo*, 34 F.3d 359, 362 (6th Cir. 1994) (quoting *Song v. Elyria*, 985 F.2d 840, 844 (6th Cir. 1993)). "A bill of attainder is a legislative act which inflicts punishment without a judicial trial." *Cummings v. Missouri*, 71 U.S. 277, 323 (1866).

Reed has not identified any legislative act that is inflicting punishment on him without the protections of a judicial trial. The mere fact that he "is detained does not inexorably lead to the conclusion that the government has imposed punishment," *United States v. Salerno*, 481 U.S. 739, 746 (1987), and more than one federal court has concluded that "[p]re-trial detention is not punishment," *United States v. Lewis*, 5 F. Supp. 3d 515, 526 (S.D. N.Y. 2014); *accord United States v. Edwards*, 430 A.2d 1321, 1332 (D.C. Cir. 1981) (stating that "pretrial detention is

regulatory rather than penal in nature," and even though "detention pending trial invokes an affirmative restraint, historically it has not been regarded as punishment where the purpose has been to prevent flight or to prevent the coercion or intimidation of witnesses"); *Young v. Ballis*, 762 F. Supp. 823, 828 (S.D. Ind. 1990) (stating that "[m]ere restraint is not punishment, as it serves a legitimate purpose of assuring the detainee's appearance at trial."); *United States v. Rawls*, 620 F. Supp. 1358, 1360 (E.D. Pa. 1985) (stating that "pretrial detention is prospective only, and not punishment").

Although Reed argues that state officials committed a bank fraud in violation of 18 U.S.C. § 1344 and conspired to violate his civil rights in violation of 18 U.S.C. §§ 241 and 242, there is no private right of action under those criminal statutes. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (interpreting 18 U.S.C. §§ 241 and 242); *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 528–29 (E.D. Ky. 2005) (interpreting the bank fraud statutes, 18 U.S.C. §§ 1344 and 1014). Complaints based on alleged violations of bank fraud laws "must be initiated by a United States Attorney or a federal grand jury; a federal court has no authority to do so." *Milgrom*, 374 F. Supp.2d at 529 (internal and end citations omitted). Furthermore, there is no suggestion in any of Reed's filings that his custody is tied in any way to those federal statutes.

The Court declines Reed's invitation to declare his past convictions null and void. The proper federal remedy for challenging a state conviction is to file a habeas corpus petition under 28 U.S.C. § 2254, following exhaustion of state remedies. *Rodriguez*, 411 U.S. at 499 n.14, 500; *Winburn v. Nagy*, 956 F.3d 909, 911 (6th Cir. 2020) (explaining that 28 U.S.C. § 2254 applies "to state prisoners who are 'in custody pursuant to the judgment of a State court'") (quoting 28 U.S.C. § 2254(a)).

Even if Reed had stated a federal claim, "*Younger v. Harris*, 401 U. S. 37 (1971), . . . generally precludes federal courts from intervening in ongoing state criminal prosecutions." *Trump v. Vance*, --- U.S. ---, 140 S. Ct. 2412, 2420-21 (2020); *see also Fowler v. Benson*, 924 F.3d 247, 255 (6th Cir. 2019) (stating that "[t]he *Younger* abstention doctrine . . . cautions federal courts against exercising jurisdiction in cases where they are asked to enjoin pending state proceedings"). Reed's requests for release from custody and to declare his criminal cases in Wayne and Genesee Counties null and void will be denied.

### III.

Reed's claims lack merit, and he has failed to show that he is in custody in violation of the Constitution or laws or treaties of the United States.

Accordingly, it is **ORDERED** that the habeas petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Reed's notice of removal and or dismissal (ECF No. 6) is **DENIED**.

It is further **ORDERED** that Reed's applications to proceed *in forma pauperis* (ECF 5, 7) are **GRANTED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   November 3, 2020